IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Paul Zondo, | ) <br> ) |
| Plaintiff, | ) Case No. _____ <br> ) |
| v. | ) **COMPLAINT AND DEMAND** <br> ) **FOR JURY TRIAL** |
| North Dakota Department of Corrections and Rehabilitation, | ) <br> ) <br> ) |
| Defendant. | ) |

COMES NOW Plaintiff, by and through his counsel of record, for his Complaint and causes of action against the above-named Defendant, states and alleges as follows:

## PARTIES

1. Plaintiff, Paul Zondo, is an individual person who, at all times relevant herein, was an "employee" of Defendant's, as the term is defined by Title VII of the Civil Rights Act of 1964, as amended. Plaintiff is presently a resident and domiciliary of the state of North Dakota. Plaintiff's race is black, and he is of Liberian national origin.

2. At all times relevant herein, Defendant, the North Dakota Department of Corrections and Rehabilitation ("ND DOCR"), has been doing business in the State of North Dakota and, is an "employer" of over 500 employees, as the term is defined by Title VII of the Civil Rights Act of 1964, as amended.

3. At all times relevant herein, ND DOCR acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with and for ND DOCR.

## JURISDICITON AND VENUE

4. Plaintiff bases his claims on Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. § 2000e *et seq.* As such, this Court has federal question subject matter jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1343.



1

5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Dakota.

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed charges of employment discrimination against ND DOCR with the United States Equal Employment Opportunity Commission ("EEOC"). The allegations and adverse employment actions which were the subject of those charges are the subject of this action. This action is filed within 90 days of the date on which the Plaintiff received the earliest notice of right to sue from the U.S. Department of Justice Civil Rights Division. As such, all conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

7. Plaintiff was hired by ND DOCR as a Correctional Officer II on or about November 1, 2016.

8. At all times relevant herein, Plaintiff met ND DOCR's legitimate employment expectations.

9. From approximately November 2016, ND DOCR engaged in unlawful employment practices in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). ND DOCR subjected Plaintiff to discrimination and a hostile work environment based on his race and national origin. ND DOCR further engaged in unlawful employment practices by retaliating against Plaintiff for opposing the discriminatory and hostile work environment.

10. The practices complained of in Paragraph 9 include, but are not limited to, Plaintiff's white supervising officers subjecting Plaintiff to offensive, and unwelcomed race-based conduct including: commenting to Plaintiff or within Plaintiff's well-known presence, that

2



"Dr. Martin Luther King Jr. died because he put his nose in the wrong place. He is not an American hero."

11.  ND DOCR also discriminated against Plaintiff by treating him differently than similarly situated white officers, including, but not limited to: assigning menial jobs to Plaintiff during his shift while giving more desirable jobs to other white officers, and even though Plaintiff had more training, education, and experience than some of them; refusing to give Plaintiff his "Brass Pin" which documents that a correctional officer has successfully completed his/her probationary period and allows that officer to be promoted while other white officers were given their "Brass Pins"; minimizing and/or suppressing Plaintiff's and other black or minority officers' professional contributions and achievements at team meetings, while commending other white officers' professional contributions and achievements at these team meetings; and ridiculing and reprimanding Plaintiff for interacting with other black officers during Plaintiff's shift while other white officers are not ridiculed and/or reprimanded for engaging in conversation with each other during their shift.

12.  Plaintiff complained about these discriminatory practices and hostile work environment to ND DOCR's Human Resource Officer. ND DOCR failed to take prompt or appropriate corrective action to prevent or remedy the discriminatory or the hostile work environment caused by the supervising officers' offensive, threatening and unwelcome conduct.

13.  In retaliation for Plaintiff's complaints about ND DOCR's discriminatory practices and hostile employment practices, ND DOCR terminated Plaintiff's employment on or about September 11, 2017.

## COUNT 1:
## RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

14.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3



15. 42 U.S.C. § 2000e *et seq.* provides that it is unlawful for an employer to discriminate against any individual with respect to his compensation terms, conditions, or privileges of employment, because of such individual's race or national origin.

16. The effect of the unlawful employment practices complained of above in Paragraphs 9-13 has been to deprive Plaintiff of equal opportunities, and otherwise adversely affect his status as an employee because of his race and national origin.

17. The unlawful employment practices complained of above were intentional and/or with reckless indifference to Plaintiff's federally protected rights.

18. As a result of ND DOCR's violation of 42 U.S.C. § 2000e *et seq.*, Plaintiff has suffered and will continue to suffer loss of past and future income and employee benefits, mental anguish, emotional distress, embarrassment, and other damages.

19. The total amount of damages suffered by Plaintiff are in excess of $75,000, to be further determined at trial.

## COUNT 2:
## REPRISAL DISCRIMINATION

20. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

21. 42 U.S.C. § 2000e *et seq.* provides, *inter alia*, that it is an unlawful employment practice for an employer to retaliate/discriminate against any individual because that individual has opposed any practice made an unlawful employment practice.

22. In retaliation for Plaintiff's complaints about the racially discriminatory and hostile work environment as set forth above in Paragraphs 9-13, ND DOCR terminated Plaintiff's employment on approximately September 11, 2017.

23. ND DOCR retaliated against Plaintiff because he opposed discrimination on the basis of race and/or national origin in the workplace in a violation of 42 U.S.C. § 2000e *et seq.*



24. As a result of ND DOCR's violation of 42 U.S.C. § 2000e *et seq.*, Plaintiff has suffered and will continue to suffer loss of past and future income and employee benefits, mental anguish, emotional distress, embarrassment, and other damages.

25. The total amount of damages suffered by Plaintiff are in excess of $75,000, to be further determined at trial.

### **PRAYER FOR RELIEF**

26. WHEREFORE, Plaintiff respectfully requests this Court:

    A. Order ND DOCR to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 9-13 above, including but not limited to, out-of-pocket losses, lost pay and benefits, and job search expenses, in amounts to be determined at trial;

    B. Order ND DOCR to make whole Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 9-13 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

    C. Award all of Plaintiff's costs and disbursements herein, including attorneys' fees; and

    D. Grant such further relief as the Court deems just and equitable.

### **IV. JURY DEMAND**

27. Plaintiff Paul Zondo demands a trial by jury on all issues triable to a jury.



Dated this 10th day of January, 2019.

        Ebeltoft . Sickler . Lawyers PLLC
        Lawyers for the Plaintiff
        2272 8th Street West
        Dickinson, North Dakota 58601
        701.225.LAWS (5297)
        701.225.9650 fax
        ngrant@ndlaw.com
        sthomas@ndlaw.com

By: */s/ Shea Thomas*
    Nicholas C. Grant, Lawyer #07102
    Shea Thomas, Lawyer #08498

